BOSTON & M. R. R. v. WADE.

(Circuit Court of Appeals, First Circuit. May 11, 1898.)

No. 217.

GARNISHMENT—DESCRIPTION OF DEFENDANT.

Defendant was summoned to answer touching its indebtedness to "the Central Vermont Railroad Company, a corporation established under the laws of the state of Vermont, and doing business under the name of the Ogdensburg Transit Company," and answered that it had no funds belonging to the defendant described, but that it had funds of the Central Vermont Railroad Company, and that the Ogdensburg Transit Company was an independent corporation. *Held*, that the defendant was properly charged as trustee.

In Error to the Circuit Court of the United States for the District of Massachusetts.

This is a writ of error brought by the Boston & Maine Railroad upon a judgment of the circuit court against the Central Vermont Railroad Company as principal defendant, whereby execution for the amount of the judgment was awarded as well against the goods, effects, and credits of the defendant in the possession of the Boston & Maine Railroad, as trustee.

A writ was served upon the Boston & Maine Railroad, in which writ "the Central Vermont Railroad Company, a corporation established under the laws of the state of Vermont, and doing business under the name of the Ogdensburg Transit Company," was described as defendant, and the Boston & Maine Railroad was summoned as trustee of the defendant. The Boston & Maine Railroad filed in the superior court an answer of "no funds"; and subsequently the cause was removed by the Central Vermont Railroad Company, describing itself as defendant, to the United States circuit court for this district. The plaintiff then filed interrogatories to the Boston & Maine Railroad, inquiring as to what property of the Central Vermont Railroad was in its hands at the date of the service of the writ, which the Boston & Maine Railroad declined to answer, alleging that the property of the Central Vermont Railroad Company was not attached. Thereupon plaintiff moved for a default for failure to answer his interrogatories, and the court below ordered that the Boston & Maine Railroad answer said interrogatories. The Boston & Maine Railroad then answered, disclosing funds in its hands belonging to the Central Vermont Railroad Company. By subsequent proceedings, the court below entered judgment against said Central Vermont Railroad, and against the Boston & Maine Railroad as trustee. The trustee's contention is that no attachment under the writ was directed or made of property in the hands of the trustee belonging to the Central Vermont Railroad, but that the writ directed only an attachment of the property of the Ogdensburg Transit Company (alleged to be an independent corporation) in the hands of the Boston & Maine Railroad, or of the Central Vermont Railroad, doing business under the name of the Ogdensburg Transit Company, in the hands of the Boston & Maine Railroad, and that, as the answers of the Boston & Maine Railroad disclose that it had no property of either in its possession at that time, no judgment against it could properly be entered.

Sigourney Butler, for plaintiff in error.

Robert M. Morse and Wm. M. Richardson, for defendant in error.

Before COLT, Circuit Judge, and WEBB and BROWN, District Judges.

PER CURIAM. The appellant's admission of the possession of funds belonging to the Central Vermont Railroad Company was a sufficient basis for the action of the circuit court in charging the appellant as trustee. The defendant described in the original writ was "the Central Vermont Railroad Company, a corporation established under the laws of the state of Vermont." The addition to this description of the words "and doing business under the name of the Ogdensburg Transit Company" cannot be regarded as sufficient to mislead the appellant as to the identity of the defendant, or to give rise to any substantial doubt that the Central Vermont Railroad Company was the sole defendant named in the writ. The judgment of the circuit court is affirmed, with the costs of this court to the appellee.